UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gibbs International Inc., | ) |
|                  Plaintiff, | ) C/A No. 7:13-1381-JMC-KFM |
| | ) [In Re: Case No. 2013-CP-42-1754] |
| vs. | ) |
| Kyle E. Barnette; | ) |
| Avraham Einhoren; | ) **Report and Recommendation** |
| United Energy Group LLC, | ) |
|                  Defendants. | ) |

_____

The above-captioned breach of contract case has been removed by Defendant Kyle E. Barnett, who is a *pro se* litigant, from the Court of Common Pleas for Spartanburg County. Under Local Civil Rule 73.02 DSC, pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge. Defendant Barnette, who states that he is a citizen of New Hampshire, avers that this court has diversity jurisdiction over the above-captioned case. Defendant Barnette also states that he has been authorized to "represent" to this court that Defendant Einhoren (a citizen of Israel and resident of Amsterdam, Netherlands) joins in this Petition for Removal.

        A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Various federal courts have held that the

removal statutes are to be construed against removal jurisdiction and in favor of remand. *See*, *e.g.*, *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990) (collecting cases); *see also In re Blackwater Sec. Consulting*, 460 F.3d 576, 583 (4th Cir. 2006) ("The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper."). Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998).

Applicable case law and statutory law, including 28 U.S.C. § 1447, provide that subject-matter jurisdiction cannot be conferred by estoppel, waiver, or consent. As a result, even if a plaintiff fails to object to a Notice of Removal within thirty days after the Notice of Removal is filed, a federal district court should still remand the case to state court if there is no federal subject matter jurisdiction evident from the face of the notice of removal and any state court pleadings provided. *Ellenburg v. Spartan Motor Chassis, Inc.*, 519 F.3d 192 (4th Cir. 2008). Thus, *sua sponte* remand is available under appropriate circumstances.

The above-captioned case should be remanded to the Court of Common Pleas for Spartanburg County because all Defendants have not joined in the Notice of Removal or otherwise apprised this Court that they consent to the Notice of Removal. Although Defendant Barnette has filed the Notice of Removal and Defendant Einhoren has consented to the removal, Defendant United Energy Group LLC has not joined in the Notice of Removal or otherwise apprised this Court of its consent to the removal. Removal "requires the consent of all defendants." *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*,

535 U.S. 613, 620 (2002), which is cited in *Stasio v. Saxon Mortg. Servs. Inc.*, C.A. No. 2:12-2797-DCN, 2013 WL 1787041, at *2–3 (D.S.C. Apr. 26, 2013) (unanimity required for removals under the diversity statute); *see also* 28 U.S.C. § 1446(b)(2)(A); *cf. Brown v. Cribb*, C.A. No. 5:13-71-CMC-KDW, 2013 WL 1181500 (D.S.C. Feb. 26, 2013) (civil rights action; unanimity also required for cases removed on the basis of "federal question" jurisdiction), *adopted by* 2013 WL 1181496 (D.S.C. Mar. 21, 2013).

### *Recommendation*

It is recommended that the above-captioned case be remanded to the Court of Common Pleas for Spartanburg County. The attention of the parties is directed to the important Notice on the next page.

May 31, 2013                                           s/ Kevin F. McDonald
Greenville, South Carolina                  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).